# EXHIBIT A

# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792-0048 • E: Jason@levinepstein.com

February 1, 2023

*Via Electronic Filing*
The Honorable Andrew L. Carter, Jr., U.S.D.J.
U.S. District Court, Southern District of New York
40 Foley Square
New York, NY 10007

            Re:    *Senior v. Cropton Design, Inc.*
                   Case No.: 1:22-cv-09820-ALC

Dear Honorable Judge Carter:

    This law firm represents Defendant Cropton Design, Inc. (the "Defendant") in the above-referenced matter.

    Pursuant to Your Honor's Individual Motion Practice Rules 2(A) and 2(D), this letter respectfully serves to respectfully request a pre-motion conference on Defendant's anticipated motion to dismiss (the "Motion to Dismiss") the Complaint filed on November 17, 2022 [Dckt. No. 1] ("the Complaint", or the "*Compl.*"), by Plaintiff Frank Senior (the "Plaintiff") pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 12(b)(1) and 12(b)(6) (the "Motion to Dismiss").

    As set forth more fully below, the instant action is demonstrative of the "potential for abuse of the ADA noted in numerous cases in districts throughout the country." *Access 4 All, Inc*, 2006 U.S. Dist. LEXIS 96742 at *34. The Complaint should be dismissed for three (3) reasons. First, Plaintiff has failed to state a claim for relief under Title III of the ADA. Second, Plaintiff's allegations of "a bare procedural violation, divorced from any concrete harm," cannot "satisfy the injury-in-fact requirement of Article III." *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). Third, Plaintiff has not – and cannot – establish the requisite "reasonable inference" of an intent to patronize the website located at https://cremieux.us/ ("Defendant's Website").

    **I.**    **Summary of Relevant Facts**

    According to the operative Complaint, Plaintiff is a "visually-impaired and legally blind person[.]" [*Compl.* at ¶ 2]. The Complaint does not allege whether Plaintiff has no vision at all, or has low vision. [*Id.*].

    The Complaint alleges that on an unspecified date, Plaintiff encountered certain categories of "accessibility barriers" when visiting Defendant's Website. [*Id.* at ¶ 34].

    The Complaint vaguely identifies four (4) types of alleged barriers on Defendant's Website:

1. The lack of non-text features, which provides descriptive alternative text to graphic images. [*Id.* at ¶¶ 34(a), (d)].

2. The lack of label elements or title attributes for HTML fields. [*Id.* at ¶¶ 34(b), 35].

3. Certain webpages contain the same descriptive HTML titles. [*Id.* at ¶ 34(c)].

4. Certain webpages contain broken links. [*Id.* at ¶ 36].

The Complaint does not specify where these alleged barriers are located. This is a fatal flaw.

Plaintiff is asserting three (3) claims for violations of: (i) Title III of the Americans with Disabilities Act, 42 U.S.C.A. § 12101, *et seq*., (the "ADA"); (ii) the New York State Executive Law § 296, *et seq.* ("NYS Exec. Law" or the "NYSHRL"); and (iii) the Administrative Code of the City of New York § 8-107, *et seq*. (the "NYC Code"). [*Compl.* at ¶¶ 58-93]. Plaintiff is also asserting one (1) separate claim for: declaratory relief. [*Id.* at ¶¶ 94-96].

The operative facts in Plaintiff's Complaint are substantially similar to the 1,596 other complaints[1] filed in the Southern and Eastern Districts of New York by Plaintiff and Plaintiff's counsel, Jeffrey Michael Gottlieb ("Attorney Gottlieb"), and elsewhere by self-proclaimed ADA "testers" that have inundated federal courts with questionable complaints in the last few years that have more to do with garnering attorneys' fees than ensuring access under the ADA.[2]

### II. Plaintiff's Failure to State a Claim for Relief Under Title III of the ADA Warrants Dismissal of the Complaint

To state a Title III claim, a plaintiff must do more than merely "recit[e]… the [regulatory] language". *Antolini v. Thurman,* 2021 WL 3115169, at *9 (S.D.N.Y. 2021) (citing *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 196 (2015)).

In the instant action, the Complaint rests on recitations of privately developed Web Content Accessibility Guidelines ("WCAG") 2.0. Although various federal courts have adopted the WCAG 2.0[3] Level AA success criteria, formulaic statements of private industry guidelines are "plainly not sufficient to state a claim" under Title III of the ADA. *Omnicare, Inc.*, 575 U.S. at 196. None of the categories of alleged barriers in the Complaint are identified with a modicum of specificity, *to wit*: their locations on the Website. [*Compl.* at ¶¶ 34-35]. This is a fatal pleading defect.

---

[1] A true and correct compendium of the 1,596 ADA-cases filed in this District by Plaintiff Attorney Gottlieb, as of September 29, 2022, is annexed hereto as **Exhibit "A"**.

[2] *See, e.g.*, *Access 4 All, Inc. v. Thirty E. 30th St., LLC*, 2006 U.S. Dist. LEXIS 96742 at *34-35 (S.D.N.Y. 2006). (citing *Doran v. Del Taco, Inc*., 2006 U.S. Dist. LEXIS 53551, at *15-16 (C.D. Cal. 2006)). (Recognizing "the ability to profit from ADA litigation," and rather than "informing the business of the violations and attempting to remedy them, lawsuits are filed, as pre-suit settlements…do not vest plaintiff's counsel with an entitlement to attorney's fees under the ADA.")

[3] "WCAG 2.0 guidelines are private industry standards for website accessibility developed by technology and accessibility experts. WCAG 2.0 guidelines have been widely adopted, including by federal agencies, which conform their public-facing, electronic content to WCAG 2.0 level A and level AA Success Criteria. 36 C.F.R. pt. 1194, app. A (2017). In addition, the Department of Transportation requires airline websites to adopt these accessibility standards. *See* 14 C.F.R. § 382.43 (2013). Notably, the Department of Justice has required ADA-covered entities to comply with WCAG 2.0 level AA (which incorporates level A) in many consent decrees and settlement agreements in which the United States has been a party."

### III.     Plaintiff Lacks Standing Because He Suffered No Injury-In-Fact

Standing is an integral part of the constitutional limitation that federal courts can hear only cases or controversies pursuant to Article III of the United States Constitution. *See Simon v. Eastern Kentucky Welfare Right Organization*, 426 U.S. 26, 41-42 (1976). Absent Article III standing, a federal court "lacks subject matter jurisdiction to hear the case and it must be dismissed." *Ross v. AXA Equitable Life Ins. Co*., 115 F. Supp. 3d 424, 432 (S.D.N.Y. 2015). "'[T]he standing question is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin*, 422 U.S. 490, 489-90 (1975), (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962). A plaintiff bears the burden of meeting the "irreducible constitutional minimum of standing" by proving, *inter alia,* "…an injury in fact…which is (a) **concrete and particularized** and (b) **actual or imminent**, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotations, and citations omitted), (emphasis added).

Assuming *arguendo,* the alleged technical violations identified in the Complaint exist (a fact which Defendant disputes), Plaintiff was not prevented from actually patronizing the Website, and thus, did not experience the requisite "concrete and particularized" harm necessary to establish Title III standing.

### IV.     Plaintiff Cannot Establish a "Reasonable Inference" of an Intent to Patronize the Website

In the case at bar, Plaintiff calls into question whether they have established the requisite "reasonable inference" of an intent to patronize the Website. *Access 4 All, Inc*, 2006 U.S. Dist. LEXIS 96742 at *34. In determining whether an ADA plaintiff has raised such an inference, the Second Circuit has instructed that courts should consider a variety of factors, including the proximity of the defendant's services to the plaintiff's home, the frequency of the plaintiff's past visits to defendant's public accommodation, plaintiff's occupation, plaintiff's demonstrated travel habits, and a plaintiff's serial litigation history. *Tozzer, Ltd*., 2018 WL 1872194 at *4 (citations omitted).

When considered alongside Plaintiff's vague allegations of past patronage, and serial litigation history[4], Plaintiff's failure to articulate a definite plan to return to the Website in the future, the Complaint simply fails to plausibly demonstrate a plausible "reasonable inference" of an intent to patronize, as required to establish standing under Title III. District courts in the Second Circuit, and in other Circuits, have dismissed nearly identical pleadings filed by other "tester" plaintiffs for failing to establish actual or imminent injury sufficient to confer standing. *See e.g., Sarwar v. L.S.K., Inc.,* 2021 WL 4317161, at *3 (D.N.J. 2021); *see also Harty v. West Point Realty, Inc.,* 477 F. Supp. 3d 163, 168 (S.D.N.Y. 2020), *appeal docketed*, No. 20-2672 (2d. Cir. 2021).

---

[4] "The more hotels sued by an individual ADA plaintiff, the less likely it is that the plaintiff will be able to demonstrate a plausible intention to return to each of those hotels in the 'imminent' future to enjoy its facilities." *Access 4 All, Inc.,* 2006 U.S. Dist. LEXIS 96742 at *33; *Laufer v. Dove Hess Holdings, LLC*, 2020 U.S. Dist. LEXIS 246614 (N.D.N.Y. 2020) *motion to certify appeal denied*, 2021 WL 365881 (N.D.N.Y. 2021) (taking judicial notice of carbon-copy ADA lawsuits filed by plaintiff in context of challenge to standing); *See also* Ex. A.

### V.     Conclusion

For all of the foregoing reasons, it is respectfully submitted the Court schedule a pre-motion conference on Defendant's anticipated Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

Thank you, in advance, for your time and attention to this matter.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
Jason Mizrahi, Esq.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel. No.: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Defendant*

VIA ECF: All Counsel

Encl.

# EXHIBIT A

# Select A Case

**Jeffrey Michael Gottlieb is an attorney in 1405 cases.**

| | | | |
|---|---|---|---|
| [1:01-cv-00255-LAK-THK](#) | MCI Worldcom, et al v. Tele Tower, Inc. | filed 01/12/01 | closed 03/20/02 |
| [1:05-cv-05313-NRB](#) | Untied States of America, ex rel v. Calvin Chen | filed 06/06/05 | closed 07/30/08 |
| [1:05-cv-08170-DC](#) | Lee et al v. Accessory Link, Inc. et al | filed 09/21/05 | closed 10/19/06 |
| [1:05-cv-08474-DC](#) | Smalls v. The Bank of New York Company, Inc. | filed 10/03/05 | closed 04/30/08 |
| [1:05-cv-09906-DC](#) | Ousman v. Echosphere LLC. et al | filed 11/23/05 | closed 02/16/06 |
| [1:06-cv-00416-PKC](#) | Gadson v. Daytop Village, Inc. | filed 01/20/06 | closed 01/25/11 |
| [1:06-cv-00417-LTS-THK](#) | Delesline v. Dynamex, Inc. | filed 01/20/06 | closed 11/16/06 |
| [1:06-cv-00418-BSJ-DCF](#) | McFadden-Carter v. People Care, Inc. | filed 01/20/06 | closed 04/24/06 |
| [1:06-cv-00513-PAC](#) | Vidal v. Aldo U.S., Inc. | filed 01/24/06 | closed 06/29/07 |
| [1:06-cv-00705-LAK](#) | Hatcher et al v. Concerned Home Managers for the Edlerly, Inc. | filed 01/31/06 | closed 07/25/07 |
| [1:06-cv-01035-JGK](#) | Cumberbatch v. United Parcel Service Inc. | filed 02/10/06 | closed 09/17/09 |
| [1:06-cv-02063-SHS](#) | Charles v. The Wackenhut Corporation | filed 03/16/06 | closed 12/27/06 |
| [1:06-cv-02295-GEL](#) | Chowdhury v. Duane Reade, Inc. et al | filed 03/24/06 | closed 07/27/09 |

# Select A Case

**Jeffrey M. Gottlieb is an attorney in 166 cases.**

| | | | |
|---|---|---|---|
| [1:00-cv-05379-RXR-MDG](#) | Harry, et al v. Ford Motor Company, et al | filed 09/07/00 | closed 01/22/01 |
| [1:05-cv-04564-NG-MDG](#) | Swaby v. Yandoli Foods, Inc. | filed 09/27/05 | closed 11/14/07 |
| [1:05-cv-04621-ARR-VVP](#) | Flores v. BHRAGS Home Care Corporation et al | filed 09/29/05 | closed 08/10/07 |
| [1:05-cv-05561-JFB-RER](#) | Rempel v. Home Attendant Service of Hyde Park, Inc. | filed 11/30/05 | closed 08/06/07 |
| [1:05-cv-05817-SJF-ARL](#) | Robinson v. American Corporate Record Center, Inc. et al | filed 12/08/05 | closed 06/07/07 |
| [1:05-cv-06079-FB-SMG](#) | Johnson v. Aides At Home, Inc. | filed 12/29/05 | closed 07/09/07 |
| [1:06-cv-00001-SLT-CLP](#) | Hernandez v. United Cerebral Palsy of New York City, Inc. | filed 01/03/06 | closed 01/11/08 |
| [1:06-cv-00041-NGG-JXA](#) | Williams v. Wal-Mart Stores, Inc. | filed 01/05/06 | closed 02/26/07 |
| [1:06-cv-00128-JXA](#) | Yeboah v. Central Parking Systems | filed 01/12/06 | closed 01/06/11 |
| [1:06-cv-00333-SLT-RER](#) | Sierra v. Special Touch Home Care Services, Inc. et al | filed 01/26/06 | closed 08/06/07 |
| [1:06-cv-00395-FB-JO](#) | Hamilton v. Advocates for Services for the Blind Multihandicapped, Inc. | filed 01/30/06 | closed 09/25/06 |
| [1:06-cv-00469-NGG-JXA](#) | Greggs v. Utopia Home Care, Inc. | filed 02/02/06 | closed 07/27/07 |
| [1:06-cv-00682-ARR-VVP](#) | Vente v. Tender Care Professional Services, Inc. | filed 02/16/06 | closed 07/30/07 |

# Select A Case

**Sylinia Jackson is a plaintiff in 19 cases.**

| | | | |
|---|---|---|---|
| 1:22-cv-02376-ALC | Jackson v. BNP Paribas Asset Management Usa, Inc. | filed 03/23/22 | closed 06/27/22 |
| 1:22-cv-02377-GHW | Jackson v. MUFG Americas Holdings Corporation | filed 03/23/22 | closed 04/12/22 |
| 1:22-cv-02378-RA | Jackson v. Northern Trust Investments, Inc. | filed 03/23/22 | closed 08/15/22 |
| 1:22-cv-02379-VSB | Jackson v. RBC Capital Markets, LLC | filed 03/23/22 | closed 06/10/22 |
| 1:22-cv-02558-PGG-SDA | Jackson v. Area Stars, LLC | filed 03/29/22 | closed 06/02/22 |
| 1:22-cv-02559-RA | Jackson v. Big Tree Hospitality, LLC | filed 03/29/22 | closed 06/02/22 |
| 1:22-cv-02561-KPF | Jackson v. Lulas Garden Inc. | filed 03/29/22 | closed 07/13/22 |
| 1:22-cv-04320-MKV | Jackson v. Avocado Mattress L.L.C. | filed 05/25/22 | closed 08/16/22 |
| 1:22-cv-04321-RA | Jackson v. BLST Holding Company LLC | filed 05/25/22 | closed 07/28/22 |
| 1:22-cv-04322-PGG-BCM | Jackson v. Budget Blinds, LLC | filed 05/25/22 | closed 06/17/22 |
| 1:22-cv-04323-AT | Jackson v. Togas House Of Textiles, LLC | filed 05/25/22 | closed 07/25/22 |
| 1:22-cv-04660-LJL | Jackson v. Dia Styling Co. | filed 06/03/22 | closed 09/13/22 |
| 1:22-cv-04661-GHW | Jackson v. Halmen, LLC | filed 06/03/22 | closed 08/29/22 |
| 1:22-cv-04663-VSB | Jackson v. Monroe Capital LLC | filed 06/03/22 | closed 08/05/22 |
| 1:22-cv-04664-JMF | Jackson v. OMM, LLC | filed 06/03/22 | |
| 1:22-cv-04752-RA | Jackson v. Chapter NY LLC | filed 06/07/22 | closed 07/28/22 |

# Select A Case

**Sylinia Jackson is a plaintiff in 6 cases.**

| | | |
|---|---|---|
| [1:22-cv-06123-JGK](#) | Jackson v. Madison Avenue Advisors Incorporated | filed 07/19/22 |
| [1:22-cv-06363-GHW](#) | Jackson v. Brooklyn Plans LLC | filed 07/27/22  closed 09/23/22 |
| [1:22-cv-06947-GHW](#) | Jackson v. Mercer Advisors Inc. | filed 08/15/22 |
| [1:22-cv-07069-JGK](#) | Jackson v. Fisher Investments. Inc. | filed 08/19/22 |
| [1:22-cv-07634-ALC](#) | Jackson v. Wealthstream Advisors, Inc. | filed 09/08/22 |
| [1:22-cv-08130-JLR](#) | Jackson v. L.J. Altfest & Co., Inc. | filed 09/23/22 |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/29/2022 18:47:57 | | | |
| **PACER Login:** | mizrahijason | **Client Code:** | |
| **Description:** | Search | **Search Criteria:** | Last Name: Jackson First Name: Sylinia |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |